UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

WILFREDO RODRIGUEZ and TRYMANE BOZIER,

                                 Plaintiffs,

               -against-

Police Officer JOSEPH BOZZO, Shield No. 13349; Police Officer ANTHONY KUCIC, Shield No. 15514; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 3402 (NGG) (JO)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Wilfredo Rodriguez ("Mr. Rodriguez") is a resident of Kings County in the City and State of New York.

7. Plaintiff Trymane Bozier ("Mr. Bozier") is a resident of Kings County in the City and State of New York

8. Defendant Police Officer Joseph Bozzo, Shield No. 13349 ("Bozzo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bozzo is sued in his individual and official capacities.

9. Defendant Police Officer Anthony Kucic, Shield No. 15514 ("Kucic"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kucic is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 2:00 a.m. on April 21, 2013, plaintiffs were lawfully at a friend's apartment at 620 Gates Avenue, in Brooklyn, New York.

14. Defendants aggressively entered the location.

15. Defendants grabbed Mr. Trymane around his neck, pushed him out of the apartment and threw him to the ground.

16. Mr. Rodriguez asked defendants why they threw Mr. Trymane to the ground.

17. Without verbally responding to Mr. Rodriguez' lawful question, a defendant officer struck Mr. Rodriguez squarely in his left eye with a closed fist.

18. Before Mr. Rodriguez could in any way respond, the defendant officer again struck him in the same eye with a closed fist.

19. Mr. Rodriguez fell to the ground. Several defendants were then on top of plaintiff brutalizing him.

20. Defendants then tightly handcuffed Mr. Trymane as he lay on the ground, picked him up, pushed him toward their car and violently threw him into the

backseat.

21. As Mr. Trymane sat handcuffed in the backseat of their vehicle, defendants maced him.

22. Mr. Rodriguez was taken to Woodhull Hospital for treatment of his injuries and eventually taken to the 79th Precinct.

23. Mr. Trymane was also taken to the 79th Precinct.

24. Because his eyes were burning from the mace, and he could not see, Mr. Trymane fell and hit his head as he was being taken into the Precinct.

25. Mr. Trymane asked for treatment for his injuries, including his eyes, but defendants refused his requests.

26. At the Precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Rodriguez and Mr. Trymane obstruct governmental administration, engage in disorderly conduct and resist arrest and prepared false paperwork to the effect including arrest reports.

27. At no point did the officers observe plaintiffs engage in this conduct.

28. Mr. Trymane was taken to Brooklyn Central Booking and eventually arraigned in Criminal Court on or about April 23, 2013, where he received an adjournment in contemplation of dismissal.

29. Mr. Rodriguez was eventually arraigned late in the morning on April 23, 2013, in Kings County Criminal Court and released on his own recognizance.

30. On or about June 11, 2013, Mr. Rodriguez appeared in Criminal Court where the charges against him were adjourned in contemplation of dismissal.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
**Unlawful Stop and Search**

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Unreasonable Force

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

40. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against plaintiffs.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

46. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47. The individual defendants were aware of a risk to plaintiffs' safety and a need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

48. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiffs' medical needs and safety.

49. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   January 6, 2014
         New York, New York

                                    HARVIS WRIGHT & FETT LLP

                                    _____
                                    Baree N. Fett
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    bfett@hwandf.com

                                    *Attorneys for plaintiffs*